IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROHAN HOPE, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) Case No. 3:25-cv-487 |
| KRISTI NOEM, *SECRETARY, U.S.* | ) Judge Stephanie L. Haines |
| *DEPARTMENT OF HOMELAND* | ) |
| *SECURITY, et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) *specific facts* in an affidavit or a verified complaint *clearly show* that immediate and irreparable injury, loss, or damage *will result* to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added). Further, in order to obtain a temporary restraining order (a "T.R.O.") or a preliminary injunction ("P.I.") a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors, likelihood of success on the merits and irreparable harm "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is

fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

Here, upon review of Petitioner Rohan Hope's ("Petitioner") Motion for a T.R.O. and P.I., ECF No. 1, the Court finds that he has failed to make a sufficient showing to obtain either a T.R.O. or P.I. at this time.[1] Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion at ECF No. 1 is **DENIED**.

---

[1] The Court takes this opportunity to more fully explain its decision.

### I. Background

On December 8, 2025, Petitioner filed a Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 1, alongside an accompanying Brief in Support. ECF No. 3. Therein, Petitioner sets forth that, on May 19, 2020, an Immigration Judge ordered him removed to Jamaica but granted his request for withholding of removal to Jamaica pursuant to the Convention Against Torture ("CAT"). ECF No. 3, p. 57. Petitioner further sets forth that on November 25, 2025, he was re-detained by ICE, and was transferred to Moshannon Valley Processing Center ("MVPC") on November 30, 2025, where he has been detained by Respondents since. ECF No. 3, p. 9.

### II. Claims Raised and Relief Requested

While Petitioner raises multiple claims, Petitioner principally contends that Respondents' attempts to remove him to a non-designated third country violates the Immigration and Nationality Act ("INA"), the Convention Against Torture, and due process. Relative to this claim, Petitioner set forth that "DHS has informed the [him] of its intent to remove him to an undesignated third country purportedly in Africa or Mexico." ECF No. 3, p. 9. And, at times, Petitioner appears to passingly suggest that Respondents intend to remove him to Jamaica in spite of the Immigration Judge's order where Petitioner was granted withholding of removal to Jamaica. *See id.* at pp. 3, 57. In terms of relief, Petitioner requests that this Court: (1) order Respondents to immediately release him from custody; (2) enjoin "Respondents from continuing to detain Petitioner absent lawful authority and an individualized, constitutionally adequate custody determination[;]" (3) enjoin Respondents from unlawfully deporting Petitioner; and, (4) enjoin Respondents from transferring Petitioner outside of the Western District of Pennsylvania. *Id.* at p. 28.

### III. Analysis
#### a. Petitioner's Request for an Order Directing Release and an Injunction Preventing Respondents from Detaining Him Absent Lawful Authority

Relative to Petitioner's request that this Court enter an order directing his immediate release, Petitioner has failed to point the Court to any factual basis and related persuasive legal authority indicating that such relief is appropriate in this circumstance. As Petitioner has failed to make such a showing, the Court declines to afford him said relief at this time. Similarly, Petitioner requests an injunction preventing Respondents from detaining him absent lawful authority and without a custody determination hearing. However, in his briefing, Petitioner has failed to reckon with the fact that he is subject to a final order of removal, ECF No. 3, p. 57, and that detention is often "simply the enforcement mechanism the Attorney General pick[s] to execute [] removal." *Tazu v. Attorney General United States*, 975 F.3d 292, 298–299 (3d Cir. 2020) (explaining that the petitioner's re-detention was simply "part of sending him back to Bangladesh[,]" and the legal questions that arose from the Attorney General's discretionary decision to "re-detain him [we]re bound up with (and thus "ar[o]s[e] from") an "action taken" to remove him there."). In this manner, Petitioner has failed to demonstrate the jurisdictional basis upon which this Court could adjudicate claims arising from the Respondents' discretionary act in re-detaining him or how Respondents are not currently detaining him pursuant

to lawful authority As such, the Court will also deny Petitioner's request for an injunction preventing Respondents from continuing to hold him in detention.

### b. Petitioner's Claims Relative to His Potential Removal

Petitioner levies a slew of allegations—fleshed out to varying degrees—challenging aspects of his potential, future removal pursuant to his final order of removal. Relative to those claims, the Court must first turn to the issue of jurisdiction.

Congress has enacted statutory provisions designed to "limit the circumstances in which judicial review of deportation decisions is available." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Indeed, this Court has previously articulated that it often lacks jurisdiction to adjudicate a T.R.O. request that asks it to review whether a prospective third country of removal is a proper country— a decision that is closely "bound up with" a final order of removal— or enjoin action taken to remove an alien from the United States pursuant to a final order of removal on the basis that the alien has concerns over being removed to that country. *See e.g. Martinez-Guzman v. Noem*, No. 3:25-cv-236J, p. 2 n.1 (W.D. Pa. Sept. 30, 2025); *Odiase v. Oddo*, No. 3:25-cv-206, 2025 WL 2673938, at *6 n.11 (W.D. Pa. Sept. 18, 2025); *Medina Batiz v. ICE*, No. 3:25-cv-393, p. 2–3 n.1 (W.D. Pa. Nov. 18, 2025); *see also* 8 U.S.C. § 1252 (a)(4), (a)(5), (b)(9). Section 1252(b)(9) renders review of any claim "aris[ing] from any action taken or proceeding brought to remove an alien" "available only in judicial review of a final order" in the appropriate circuit court of appeals. *Tazu v. Attorney General United States*, 975 F.3d 292, 294, 299 (3d Cir. 2020).

Here, Petitioner has failed to articulate how his instant claim arises from anything other than "action taken . . . to remove [him] [] from the United States[,]" 8 U.S.C. § 1252(b)(9), pursuant to a final order of removal, which, apparently, did not defer removal or withhold removal to Africa, Mexico, or any other country besides Jamaica. *See* ECF No. 3, p. 57; *see also Nasrallah v. Barr*, 590 U.S. 573, 582 (2020) ("An order granting CAT [Convention Against Torture] relief means only that, notwithstanding the order of removal, the [alien] may not be removed to the designated country of removal, at least until conditions change in that country."); 8 C.F.R. § 1208.16(f)) ("Nothing in this section or § 1208.17 shall prevent the Service from removing an alien to a third country other than the country to which removal has been withheld or deferred.").

To the degree that Petitioner makes passing mention of Respondents' intention to remove him to Jamaica in spite of the withholding of removal he was granted, Petitioner fails to articulate specific facts to substantiate such a claim. *See* FED. R. CIV. P.65 (A). The Supreme Court has indicated that injunctive relief is not appropriate to prevent the possibility of some remote future injury; on this score, the Court wrote:

> Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction. *Los Angeles v. Lyons,* 461 U.S. 95 (1983); *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423 (1974); *O'Shea v. Littleton,* 94 S.Ct. 669 (1974); see also 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 139 (2d ed.1995) (hereinafter Wright & Miller) (applicant must demonstrate that in the absence of a preliminary injunction, "the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered"); *id.,* at 154–[]55[; *O'shea,*] 94 S.Ct. 669 ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury"). Issuing a preliminary injunction **based** only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (*per curiam*).

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (cleaned up) (emphasis provided). In other words, "[a] party seeking prospective injunctive relief must demonstrate a real and immediate, i.e., not speculative, threat of future harm." *Louisiana Counseling & Fam. Servs. Inc. v. Mt. Fuji Japanese Rest.*, No. 08-6143, 2014 WL 941353, at *7 (D.N.J. Mar. 11, 2014) (*aff'd sub nom.* in *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757 (3d Cir. 2015)) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)). Petitioner's passing remarks do nothing to demonstrate that an injury resulting from removal to Jamaica—the country which he was granted a withholding of removal from—is imminent or even likely. As such, to the degree that this issue is before this Court and this Court

possesses jurisdiction over it, the Court finds that Petitioner has not made a sufficient showing that potential irreparable harm from being removed to Jamaica in contravention of his final order of removal is imminent or even likely.

As such, and to the degree that Petitioner seeks an injunction from this Court preventing Respondents from removing him from this country pursuant to his final order of removal, this Court must deny such a request as the Court: (1) does not possess jurisdiction to grant such relief at this time; (2) Petitioner has failed to sufficiently carry his burden to demonstrate irreparable harm that is imminent or even likely; or, (3) both (1) and (2).

Additionally, the Court notes that, to the extent that Petitioner seeks this Court's adjudication of his CAT claim by this court, this Court likewise does not possess jurisdiction to adjudicate such a claim. 8 U.S.C. § 1252(a)(4) provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory)…a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture [("CAT")] and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment….

In this way, federal courts lack jurisdiction to review CAT claims "unless they are reviewing 'a final order' under § 1252(a)(1)[—which is reserved for the appropriate circuit court of appeals—] or exercising jurisdiction 'otherwise provided' in § 1252." *Riley v. Bondi*, 606 U.S. 259, 279–280 (2025) (Thomas, J., concurring) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 316 (2018)).

### c. Petitioner's Request for an Injunction Preventing Respondents from Transferring Him out of the Western District of PA

Relative to Petitioner's request for an injunction preventing Respondents from transferring him out of the Western District of Pa., this Court likewise does not possess jurisdiction to grant such relief. A request from an alien detainee in custody pursuant to the INA raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings … and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006). As such, Petitioner points to no authority upon which this Court may properly enjoin Respondents from transferring Petitioner to another facility. *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings… and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)). In light of these principles, the Court finds that it does not possess jurisdictional authority to enjoin Respondents from transferring Petitioner. Therefore, the Court likewise denies Petitioner's Motion on this score.

**IT IS FURTHER ORDERED** that this case shall be marked as closed until further Order of the Court or until Petitioner files an underlying Petition for Writ of Habeas Corpus and pays the appropriate filing fee.[2]

DATED: December 8, 2025

BY THE COURT:

_____
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

---

### IV. Conclusion

This Court must deny Petitioner's Motion for a T.R.O. and P.I., ECF No. 1, on the basis that: (1) it does not possess jurisdiction to adjudicate some, or all of the claims Petitioner raises in his Motion; (2) Petitioner failed to sufficiently demonstrate a likelihood of success on the merits of those claims; and/or (3) Petitioner failed to sufficiently demonstrate that the irreparable harm alleged was imminent or even likely to occur. *See Brownback v. King*, 592 U.S. 109, 218 (2021) ("Ordinarily, a court cannot issue a ruling on the merits when it has no jurisdiction....") (internal quotation marks omitted); *Transcontinental Gas Pipe Line Co., LLC,* 108 F.4th at 150 (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief).

[2] The Court notes that Petitioner has not filed a Petition for a Writ of Habeas Corpus or paid the appropriate filing fee despite filing a Motion for a Temporary Restraining Order and Preliminary Injunction. Petitioner is strongly advised to comply with proper filing procedure in the future.